NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BRIAN MUSOMBA MAWEU,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2026-1051

_____

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01469-EGB, Senior Judge Eric G. Bruggink.

_____

Decided: July 21, 2026

_____

BRIAN MUSOMBA MAWEU, Tucson, AZ, pro se.

REBECCA TAYLOR MITCHELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

PER CURIAM.

Brian M. Maweu appeals decisions of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction and returning unfiled his defective motion for leave to amend his complaint. Because Mr. Maweu has not shown that the trial court erred in its dismissal or abused its discretion in returning his motion unfiled, we affirm.

I

In 2015, Mr. Maweu was sentenced to life in prison for his role in a child exploitation enterprise by the U.S. District Court for the Western District of Louisiana. A decade later, Mr. Maweu filed a complaint in the Court of Federal Claims, seeking: (1) a "certificate of exemption" from the application of the criminal law under which he was convicted; (2) the alteration of records in his criminal case; and (3) punitive damages against the government under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb–2000bb-4. S.A. 8; *see also* S.A. 9–10, 19–22.[1] In relevant part, Mr. Maweu argued that his conviction was based on conduct constituting an exercise of his religion.

The trial court dismissed on September 24, 2025. *Maweu v. United States*, No. 25-cv-01469, 2025 WL 2995528, at *1–2 (Fed. Cl. Sep. 24, 2025) (*Dismissal*). In a separate order issued October 1, 2025, the trial court directed the clerk of court to return a motion from Mr. Maweu seeking leave to amend the complaint because it violated Rules 5.5(g) and 10(a) of the Rules of the United States Court of Federal Claims (RCFC). *See Maweu v. United States*, No. 25-cv-01469 (Fed. Cl. Oct. 1, 2025), ECF No. 9 (*Return Order*). Mr. Maweu appeals both decisions. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    S.A. refers to the Supplemental Appendix submitted with the government's Informal Response Brief. ECF No. 24.

## II

We review dismissals for lack of subject matter jurisdiction by the Court of Federal Claims de novo. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). We review the Court of Federal Claims' handling of a motion for leave to amend for abuse of discretion. *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1379 (Fed. Cir. 2007). An abuse of discretion takes place "when a court misunderstands or misapplies the relevant law or makes clearly erroneous findings of fact." *Id.*

Pro se filings "must be read liberally." *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013). Liberally construing Mr. Maweu's filings on appeal, he appears to argue that the trial court erred in returning his motion for leave to amend the complaint unfiled. Mr. Maweu also asserts several theories to argue that the trial court had jurisdiction over his complaint.[2] We address each argument in turn.

## A

We first address Mr. Maweu's argument regarding his motion for leave to amend the complaint. Mr. Maweu suggests that the trial court should have reviewed the amended complaint included with his admittedly defective

---

[2]   Separately, Mr. Maweu argues that the government's response to his opening brief violates statutory provisions on international religious freedoms. Mr. Maweu does not, however, develop this argument or connect it to a basis for reversing the trial court's dismissal. Accordingly, this argument has not been properly preserved, and we decline to reach its merits. *See Arunachalam v. Int'l Bus. Machs. Corp.*, 989 F.3d 988, 999 (Fed. Cir. 2021).

motion for leave rather than return it unfiled. *See* Appellant Br. 3.[3] Per Mr. Maweu, his amended complaint's defectiveness was "caused by delay in mail from court, i.e. excusable neglect." *Id.*

Mr. Maweu fails to demonstrate an abuse of discretion by the trial court. First, Mr. Maweu is mistaken that the defects in his motion for leave to amend were related to timeliness: the trial court rejected Mr. Maweu's motion for leave because the filing did not comply with RCFC 5.5(g) and 10(a), which govern the required form of certain filings. *See Return Order.* Second, to the extent that Mr. Maweu pivots on reply[4] and in supplemental briefing to argue for the first time that his defective filing should have been exempted from the requirements of RCFC 5.5(g) and 10(a), these new arguments have been forfeited. *See Norman v. United States*, 429 F.3d 1081, 1091 n.5 (Fed. Cir. 2005).

Even if we were to consider the merits of these arguments, we would find them unpersuasive. The Court of Federal Claims, "like all trial courts, has broad discretion to manage its docket." *Oman Fasteners, LLC v. United States*, 125 F.4th 1068, 1084 (Fed. Cir. 2025) (cleaned up). And Mr. Maweu's arguments do not convince us that the trial court's application in this instance of its own rules was unreasonable or premised on a misapprehension of law. We

---

[3]    Mr. Maweu's briefing on appeal, which is handwritten, is not consistently paginated. Citations to Mr. Maweu's appellate filings therefore refer to page numbers as designated by ECF.

[4]    Mr. Maweu contemporaneously filed a motion for summary judgment, ECF No. 27, with his reply brief, ECF No. 26. This court construed both filings together as Mr. Maweu's reply brief. ECF No. 29 at 2. References to Mr. Maweu's reply therefore also implicate arguments made in Mr. Maweu's motion for summary judgment.

therefore decline to find that the trial court abused its discretion in returning as unfiled Mr. Maweu's defective motion for leave to file his amended complaint.

B

We next address Mr. Maweu's arguments that the trial court erred in dismissing for lack of jurisdiction. The Tucker Act grants the Court of Federal Claims jurisdiction over certain actions against the United States. *See* 28 U.S.C. § 1491(a)(1). However, because the Tucker Act does not itself create a substantive cause of action, to come within its grant of jurisdiction plaintiffs must identify a separate source of substantive law that creates a right to money damages. *See United States v. Mitchell,* 463 U.S. 206, 216 (1983). Mr. Maweu fails to do so.

Mr. Maweu suggests that 28 U.S.C. § 1495, which provides the Court of Federal Claims with jurisdiction over certain claims by those who have been unjustly convicted and imprisoned provided the requirements of 28 U.S.C. § 2513 are met, could have served as a money-mandating source of jurisdiction at the trial court. Further, to the extent §§ 1495 and 2513 look to the nature and status of a plaintiff's conviction, Mr. Maweu argues that because the criminal law under which he was convicted "prohibits or burden[s]" his religious acts, these statutes' ordinary operation may conflict with RFRA. *See* Appellant Br. 6–7. Accordingly, Mr. Maweu contends that RFRA "forestalls" and "modifies [the] operation" of §§ 1495 and 2513 to provide him with the relief permitted by these statutes. *Id.* at 7. The result, Mr. Maweu claims, is that "RFRA provides [T]ucker [A]ct jurisdiction to the Court of Federal Claims, through § 2513 and § 1495, to review [his] RFRA complaint." *Id.*

Again, we find Mr. Maweu's arguments unconvincing. To the extent that Mr. Maweu alleges that § 1495 could serve as a standalone basis for the trial court's jurisdiction, we first note that § 1495 was only raised in Mr. Maweu's

undocketed amended complaint. Appellant Br. 2–3. And we have already found that the trial court did not abuse its discretion in returning Mr. Maweu's amended complaint unfiled. Therefore, "the allegations in that document were not before the trial court when it dismissed." Appellee Br. 5. On this basis alone, we may decline to entertain Mr. Maweu's arguments regarding § 1495. *See Hylete LLC v. Hybrid Athletics, LLC*, 931 F.3d 1170, 1174 (Fed. Cir. 2019). But even considering the merits of Mr. Maweu's § 1495 argument, we are unpersuaded. The statute is unavailing because Mr. Maweu has not alleged or proven the facts required by § 2513 to invoke jurisdiction under § 1495. Section 2513(b), for instance, requires Mr. Maweu to provide a "certificate of the court or pardon" as proof that his conviction has been reversed or set aside to sue under § 1495. *See* 28 U.S.C. § 2513(a)–(b). Mr. Maweu has not done so.

So too do we find uncompelling Mr. Maweu's arguments under RFRA. While RFRA permits damages suits against individual government officials, it does not mandate compensation in suits against the United States. *See Dismissal*, 2025 WL 2995528, at *2; *Tanzin v. Tanvir*, 592 U.S. 43, 52 (2020). On its own, RFRA therefore does not provide jurisdiction for the Court of Federal Claims to entertain Mr. Maweu's complaint. And to the extent that Mr. Maweu argues that RFRA waives the requirements of §§ 1495 and 2513, such that he is automatically entitled to jurisdiction at the Court of Federal Claims based on religious objections to his conviction, we find no such sweeping guarantee either in the text of RFRA or in our case law. We therefore see no error in the trial court's conclusion that RFRA provides it with no jurisdiction over Mr. Maweu's complaint.

### III

We have considered Mr. Maweu's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Court of Federal Claims' dismissal of Mr. Maweu's complaint and its decision to return unfiled Mr. Maweu's defective motion for leave.

**AFFIRMED**

Costs

No costs.